IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA ALENA SMITH, WILTON LEE TRIGGS, II, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., a California corporation,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CV-08-AR-1498-S<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT APPLE INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Apple Inc. ("Apple") moves the Court for an order dismissing the Amended Complaint of Plaintiffs Jessica Alena Smith and Wilton Lee Triggs, II ("Plaintiffs") for failure to state a claim upon which relief can be granted. In support of this Motion, Apple shows the Court the following:

### I.   INTRODUCTION

Plaintiffs' Amended Complaint conspicuously omits one critical condition precedent to all three causes of action: an allegation that they contacted Apple to seek a repair of the alleged defects or a replacement iPhone 3G under Apple's One (1) Year Limited Warranty. The Alabama Commercial Code imposes a notice

1

requirement that is not satisfied either by the filing of a lawsuit or by general allegations that Apple is "aware" of the alleged defects. Failure to allege compliance with the Commercial Code's notice requirement is therefore fatal to Plaintiffs' breach of express and implied warranty claims as well as their unjust enrichment claim. The express terms of Apple's One (1) Year Limited Warranty also required Plaintiffs to make a warranty claim to Apple before filing a lawsuit in order to qualify for repair or replacement of, or a refund of the purchase price for, their allegedly defective iPhones. Moreover, the existence of Apple's written warranty precludes quasi-contractual remedies, including unjust enrichment. For the foregoing reasons and those set forth in detail below, Plaintiffs' Amended Complaint must be dismissed.

## II.   RELEVANT BACKGROUND

Apple's iPhone combines three products into one handheld device — a mobile phone, an iPod music player, and an Internet communications device with e-mail, web browsing, searching, and maps. (Plaintiffs' Amended Complaint ("AC") ¶ 8.) AT&T is the cellular network carrier for the iPhone 3G. Apple and AT&T both sell Apple's iPhone through their respective retail stores. Every iPhone 3G is covered by Apple's One (1) Year Limited Warranty.

The original iPhone went on sale in the United States on June 29, 2007. The original iPhone model relied upon AT&T's "second generation" (2.75G) network and a data protocol known as EDGE. A year later, on July 11, 2008, Apple launched a new version of the iPhone – the iPhone 3G – to replace the original iPhone. As the name implies, the iPhone 3G differs from the original iPhone with respect to the

iPhone 3G's additional 3G network capabilities. (AC ¶ 1.) The 3G, or "third generation," network is a technological advancement over the previous iPhone's EDGE protocol. The iPhone 3G is simultaneously supported by both the 3G network and the "second generation" EDGE network, which serves as a back-up network in the event a 3G network connection cannot be made with the user's iPhone.

Plaintiffs Jessica Alena Smith and Wilton Lee Triggs, II allege that they each individually purchased an iPhone 3G "in or around the Summer of 2008" from Apple's retail store located at The Summit shopping center in Birmingham, Alabama. (AC ¶¶ 2, 17.) Plaintiffs purport to bring suit on behalf of a nationwide class of iPhone 3G purchasers. (AC ¶ 22.) Plaintiffs' Amended Complaint is predicated on the theory that Apple advertised the iPhone 3G as "twice as fast" as the original iPhone, but Plaintiffs' "internet connection, receipt and sending of email, text messages and other data transfers through the device were slower than expected and advertised" and they "experienced an inordinate amount of dropped calls." (AC ¶¶ 11, 18.) Plaintiffs further allege that their 3G iPhones "connect to the 3G standard or protocol less than 25% of the time," and further allege on information and belief that Birmingham, Alabama, is a "location that provides excellent 3G coverage." (AC ¶¶ 18-19.) Plaintiffs do not allege that they notified Apple of the alleged problems they experienced, or otherwise attempted to obtain a repair or replacement under warranty. Instead, Plaintiffs allege that Apple is generally "aware of the above-stated defects" and has "attempted to undertake corrective action too late with little to no success." (AC ¶ 21.)

Based on this alleged conduct, Plaintiffs assert three separate causes of action: (1) breach of express warranty; (2) breach of implied warranty; and (3) unjust

3

enrichment. (AC ¶¶ 24-34.)[1] As set forth below, Plaintiffs' failure to allege that they gave Apple notice and an opportunity to cure requires dismissal of each cause of action contained in their Amended Complaint. In addition, Plaintiffs' unjust enrichment claim is also barred by the written contract between the parties (Apple's One (1) Year Limited Warranty). As a result, plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## III.  ARGUMENT

### A. Plaintiffs' Complaint Is Barred by Their Failure to Notify Apple of the Alleged Defects and Provide Apple with an Opportunity to Repair or Replace Their iPhones or Refund the Purchase Price Under Warranty.

#### 1. The Alabama Commercial Code Explicitly Requires Plaintiffs to Give Apple Notice and an Opportunity to Cure Alleged Defects.

Alabama Commercial Code § 7-2-607 contains a clear mandate for warranty claims: "The buyer must within a reasonable time after he discovers or should have discovered any breach ***notify the seller of breach or be barred from any remedy*** . . ." Ala. Code § 7-2-607(3)(a) (emphasis added). Based on the Commercial Code, "[t]he Alabama courts have held that notice of breach is a condition precedent to bringing a

---

[1] Plaintiffs make no specific allegations regarding applicable law but generally allege that federal jurisdiction is predicated on diversity of citizenship. (AC ¶ 5.) For purposes of this motion, Apple assumes Alabama law applies to the individual claims of the named Plaintiffs, which are the subject of this motion to dismiss. *See Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

breach of warranty action." *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1474 (11th Cir. 1986) (citing *Parker v. Bell Ford, Inc.*, 425 So. 2d 1101, 1102 (Ala. 1983)). "[T]he Alabama Supreme Court stated that there are three justifications for the notice requirement: to prevent stale claims, to allow the seller to marshal evidence for a defense, and to allow the seller to correct the defect or mitigate damages." *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1283-84 (M.D. Ala. 2001) (citing *Simmons v. Clemco Industries*, 368 So. 2d 509 (Ala. 1979)); *Parker*, 425 So. 2d at 1103.

Notice "must be affirmatively pleaded in the complaint." *Hart*, 787 F.2d at 1473 (citing *Lindsey v. International Shoe Co.*, 233 So. 2d 507, 509 (Ala. Civ. App. 1970)); *see also Hobbs*, 134 F. Supp. 2d at 1283 ("Under Alabama law, notice of breach is a condition precedent to bringing a breach of warranty action, which must be affirmatively pleaded in the complaint."). The Alabama Commercial Code's notice requirement is not fulfilled by the filing of a lawsuit. *Hobbs*, 134 F. Supp. 2d at 1285 ("[T]he filing of a lawsuit is not considered to be sufficient notice under Alabama law. . . . Notice must, therefore, precede the filing of the complaint."); *see also In re Ford Motor Co. E-350 Van Products Liability Litigation (No. II)*, Civ. No. 03-4558 (HAA), MDL No. 1687, 2008 WL 4126264, at *8 (D.N.J. Sept. 2, 2008) (rejecting plaintiff's contention that "notice-by-suit is sufficient under Alabama's notice requirement"). Plaintiffs' vague allegations that Apple is generally "aware" of the alleged issues are also insufficient notice for the purposes of § 7-2-607. (AC ¶ 21.) *See, e.g., In re Ford Motor Co.*, 2008 WL 4126264, at *8 (rejecting "actual notice" exception to Alabama notice requirement because "generalized knowledge of alleged defects in a product line has not been held to suffice" under Alabama law).

Therefore, dismissal is appropriate where, as here, Plaintiffs have not given the seller the legally mandated notice and opportunity to repair or replace the product. As set forth below, Alabama law's warranty notice requirements apply to each of Plaintiffs' three causes of action – breach of express and implied warranties and unjust enrichment.

### a. The Alabama Commercial Code's Warranty Provisions Require Dismissal of Plaintiffs' Express and Implied Warranty Claims.

Failure to plead compliance with § 7-2-607 is fatal to an express warranty claim. In *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277 (M.D. Ala. 2001), the court granted summary judgment for the plaintiff's failure to comply with the notice requirements of § 7-2-607. The court concluded that "the mere filing of a lawsuit in this case did not constitute notice of breach under Alabama law" and that the "absence of any evidence, or even allegation, that any other notice was given by Plaintiff" entitled the defendant to summary judgment on the plaintiff's express warranty claim. 134 F. Supp. 2d at 1286. The Alabama Supreme Court is in accord. *Parker*, 425 So. 2d at 1103.

The plain language of § 7-2-607 makes no distinction between an express warranty and an implied warranty. Accordingly, as this Court concluded in *Snell v. G.D. Searle & Co.*, 595 F. Supp. 654, 656 (N.D. Ala. 1984), § 7-2-607's notice provisions apply to implied warranties. The Court held that a "buyer" asserting an implied warranty claim is "under an obligation to give reasonable notice to the 'seller' . . . and that if she did not do so within a reasonable period from her discovery

6

of the breach, she is barred under § 7-2-607(3)(a) as against [defendant]." *Id.* Alabama state court decisions are in accord. *See, e.g., Jewell v. Seaboard Indus., Inc.*, 667 So. 2d 653, 661 (Ala. 1995) (affirming summary judgment on the grounds that plaintiff "did not give sufficient notice of a breach of an implied warranty"); *see also* Alabama Pattern Jury Instruction 32.02 (notice to seller prerequisite to implied warranty claim).

As a result, Plaintiffs' first cause of action for breach of express warranty and second cause of action for breach of implied warranty must be dismissed.

### b. Alabama Law Precludes a Claim for Unjust Enrichment Where the Seller Has Not Had an Opportunity to Cure Under Written Warranty.

Unjust enrichment claims are foreclosed where, as here, Plaintiffs failed to give notice or provide an opportunity to repair or replace the product under a written warranty. Thus, in *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1121 (S.D. Ala. 2006), the court granted summary judgment for defendant Microsoft against a class of Alabama consumers who had purchased its Xbox 360 game console. Microsoft extended a year of coverage for its Xbox under the terms of its written warranty, but, when Microsoft offered a replacement, the plaintiff refused it. In entering judgment for Microsoft, the court noted that "it stretches the concept of unjust enrichment beyond the breaking point for a plaintiff to demand recompense for a consumer transaction in which he purchased a product that apparently does not work properly, where he has rebuffed the manufacturer's repeated attempts to correct the problem pursuant to a written warranty." *Id.* at 1135 n.26. This logic applies with even

greater force here: Plaintiffs have not even provided Apple with notice, let alone sought a repair or a replacement. Therefore, Plaintiffs' third cause of action for unjust enrichment should be dismissed.

### 2. The Express Terms of Apple's Limited Warranty Required Plaintiffs to Return Their iPhones to Apple for Repair or Replacement.

Apple warrants the iPhone 3G against defects for one year under its One (1) Year Limited Warranty.[2] Apple's warranty expressly provides for a repair or replacement of the iPhone 3G or refund of the purchase price for a valid warranty claim: "If a hardware defect arises and a valid claim is received within the Warranty Period, at its option and to the extent permitted by law, Apple will either (1) repair the hardware defect at no charge... (2) exchange the product ..., or (3) refund the purchase price of the product." (Ex. A, at 1.)

Under these circumstances, dismissal is appropriate under Alabama law. *See, e.g., Ag-Chem Equipment Co., Inc. v. Limestone Farmers Cooperative, Inc.*, 567 So. 2d 250 (Ala. 1990) (express warranty required customer to return product within 30 days of failure, and express warranty did not fail essential purpose due to plaintiff's

---

[2] A true and correct copy of Apple's One (1) Year Limited Warranty is attached hereto as Exhibit A. Documents not attached to the pleadings may be properly considered on a motion to dismiss where they are central to the complaint. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."). Plaintiffs allege Apple breached express and implied warranties but do not attach Apple's One (1) Year Limited Warranty.

failure to tender the defective equipment); *Terrel v. R&A Mfg. Partners, Ltd.*, 835 So. 2d 216, 225 (Ala. Civ. App. 2002) ("[Defendant] was never given an opportunity to diagnose, much less to repair, that problem. Under the terms of the warranty, [defendant] should have been given an opportunity to repair.").

### B. Unjust Enrichment Is Unavailable Here as a Matter of Law.

The quasi-contractual remedy of unjust enrichment is precluded by a written agreement such as an express warranty. *See, e.g., White*, 454 F. Supp. 2d at 1133 (dismissing unjust enrichment claim where defendant's written warranty covered the product at issue). "'[W]here an express contract exists between two parties, the law generally will not recognize an implied contract regarding the same subject matter' . . . . If the parties' dealings are covered by an express agreement, then there is no need to imply an agreement between them to ward off inequitable results." *White*, 454 F. Supp. 2d at 1133 (quoting *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996); internal citations omitted). Plaintiffs here assert a claim for breach of express warranty and thus may not assert a claim for unjust enrichment. *White*, 454 F. Supp. 2d at 1133 (where an express warranty applies to the parties' dispute, "it is unnecessary to indulge the legal fiction of implying [] a contract to avoid an inequitable outcome").

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Apple respectfully requests that this Court order that the action be dismissed.

WHEREFORE, for the reasons stated, Defendant Apple Inc. respectfully requests that the Court dismiss the Amended Complaint of Plaintiffs Jessica Alena Smith and Wilton Lee Triggs, II pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        /s/ Gray M. Borden
        Samuel H. Franklin (ASB-2822-F59S)
        Sara A. Ford (ASB-5509-R66S)
        Gray M. Borden (ASB-3988-R78B)
        LIGHTFOOT FRANKLIN & WHITE
        The Clark Building
        400 20th Street North
        Birmingham, Alabama 35203-3200
        Telephone: 205.581.0700
        Facsimile: 205.581.0799

        *Attorneys for Defendant*
        APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 10th day of October, 2008, served the foregoing upon counsel of record for all parties to this proceeding via PACER electronic filing system.

/s/ Gray M. Borden