IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSICA ALENA SMITH, et al., etc., | } } } | |
| Plaintiffs, | } } | CIVIL ACTION NO. 08-AR-1498-S |
| v. | } } | |
| APPLE, INC., | } } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant Apple, Inc. ("Apple") to dismiss the amended complaint in the above entitled action, pursuant to Fed. R. Civ. Pro. 12(b)(6). In addition to the briefs, the court heard oral argument. The existence and/or delivery of a One Year Limited Warranty ("written warranty") remains a contested issue. Thus, the court rules on Apple's motion without assuming the existence of and/or the delivery of the written warranty. For the reasons that follow, Apple's motion to dismiss will be GRANTED as to the warranty claims and DENIED as to the unjust enrichment claim.

**PERTINENT ALLEGED FACTS**[1]

In or around the summer of 2008, plaintiffs, Jessica Smith and

---

[1] For purposes of a Rule 12(b)(6) motion, the court takes as true the facts alleged in the complaint and draws all reasonable inferences in plaintiffs's favor. *See Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The complaint's allegations must plausibly suggest a right to relief, raising that right "above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Wilton Triggs II (collectively "plaintiffs"), each purchased an iPhone 3G from the Apple Store located at 217 Summit Boulevard, Space FI, Birmingham, Alabama 35243. Immediately after the purchases, plaintiffs began experiencing problems with their iPhones. According to the complaint, the iPhones did not perform as expressly advertised, and as warranted by Apple, and contained numerous defects. The complaint alleges breach of express warranty, breach of the implied warranty of merchantability, and unjust enrichment, and requests class certification. In addition, plaintiffs allege that there have been numerous complaints concerning certain defects present in the iPhone 3G and its poor performance generally and that Apple is aware of these problems and has attempted to undertake corrective action too late and with little or no success. There is no allegation that either plaintiff notified Apple of an alleged breach of warranty before the suit was filed.

## ANALYSIS

*The Express and Implied Warranty Claims*

The Alabama Commercial Code explicitly makes notice a condition precedent to any claim of breach of warranty: "(3) Where a tender has been accepted: (a) The buyer must within a reasonable time after he discovers or should have discovered any breach **notify the seller of breach or be barred from any remedy**." Ala. Code § 7-2-607(3)(a)(emphasis added); *see also Parker v. Bell Ford, Inc.*,

425 So. 2d 1101, 1102 (1983)("This court, on several occasions, has characterized notice, such as required by § 7-2-607, as a condition precedent to recovery.") (citing *Smith v. Pizitz of Bessemer, Inc.*, 122 So. 2d 591, 592 (1960)). There is no distinction between implied warranties and express warranties insofar as this precondition is concerned. Affirmatively pleading notice is critical to the stating of a claim for breach of warranty under Alabama law. *See Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285-86 (M.D. Ala. 2001)(noting that the filing of a lawsuit itself constitutes sufficient notice only if personal injuries are involved).

Nowhere in their amended complaint do plaintiffs allege that they provided Apple notice of the alleged breach. Rather, they allege that Apple was "aware" of the alleged defects, as evidenced by its attempt to take corrective action. Plaintiffs ask this court to create an exception to the notice requirement found in § 7-2-607. They argue that "notice in this instance should not be required because the imposition of the obligation upon Plaintiff runs contrary to the intended purpose of the Alabama Commercial Code." (Pls.' Resp. 6-7). The court respectfully declines plaintiffs' invitation to create such an exception.

The purpose of the § 7-2-607 notification requirement is two-fold: "First, express notice opens the way for settlement through negotiation between the parties. . . . Second, [it] minimizes the

possibility of prejudice to the seller by giving" him a chance to cure or take any act necessary to defend himself or minimize damages. *Jewell v. Seaboard Indus., Inc.*, 667 So. 2d 653, 660 (1995) (internal quotation marks omitted). The Supreme Court of Alabama has abrogated the notice requirement in a very few circumstances where the purposes of the requirement are ill-served. *See Simmons v. Clemco Indus.*, 368 So. 2d 509, 524-15 (Ala. 1979)(holding that a warranty beneficiary who suffers a personal injury need not give notice, because warranty beneficiaries are not "buyers", and notice is inconsequential in preventing or mitigating harm in these situations). The purposes of the notice requirement would be ill-served in this instance if plaintiffs are excused. Had Apple received notice from plaintiffs that the particular iPhones bought by them were defective, Apple could have taken a direct route towards fixing the alleged defects or could have reached a settlement with plaintiffs at a time before litigation expenses were incurred. Plaintiffs did not afford Apple statutorily guaranteed opportunities. Contrary to plaintiffs' argument, a general awareness on Apple's part of alleged defects in its iPhone does not extinguish the purposes of the notice requirement, nor does it substitute for that requirement under Alabama law. Likewise, the court is not persuaded that the Alabama Supreme Court would create an exception to the notice requirement that would provide relief to plaintiffs in this instance, and the issue is not

worthy of a certification pursuant to Fed. R. Civ. Pro. 18. Thus, plaintiffs' claims for breach of warranty must be dismissed.

*The Unjust Enrichment Claim*

Apple contends that unjust enrichment is precluded here for two reasons, both of which are dependent upon the existence of a written warranty between the parties. Because the parties are not in agreement as to the existence or non-existence of a written warranty, the court must rule on Apple's motion without assuming the existence of a written warranty. Inasmuch as Apple's motion to dismiss plaintiffs' unjust enrichment claim is premised upon the existence of a written warranty, the motion will be denied as to this claim. The same issue can be raised under Rule 56 if and when the written warranty becomes an undisputed fact.

## CONCLUSION

A separate order consistent with this opinion will be entered.

DONE this 4th day of November, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE